UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KEITH HOBBS**, a Georgia resident, individually and as the representative of a class of similarly-situated persons,<br><br>      Plaintiff,<br><br> v.<br><br>**NATIONAL GENERAL HOLDINGS CORP., DIRECT GENERAL CORPORATION dba DIRECT AUTO & LIFE INSURANCE, and LOWER INSURANCE RATES**,<br><br>      Defendants. | No. 19-cv-5849<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

Defendants National General Holdings Corp. ("National General") and Direct General Corporation d/b/a Direct Auto & Life Insurance ("Direct General") (collectively, "Defendants") respectfully submit this Answer and Affirmative Defenses in response to Plaintiff Keith Hobbs' ("Plaintiff") Class Action Complaint as follows:

### INTRODUCTION

1. Responding to Paragraph 1 of the Complaint, Defendants admit only that Plaintiff appears to have brought this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

2. Paragraph 2 alleges legal conclusions to which no response is required.

3. Paragraph 3 alleges legal conclusions to which no response is required.

4. Defendants deny the allegations contained in Paragraph 4.

1

164029.2

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis deny the same.

6. Defendants deny they have a "practice of initiating autodialed and artificial voice telemarketing calls to cellular telephones without the prior express written consent of the called parties as required by the TCPA." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6, and on that basis deny the same.

7. Paragraph 7 alleges legal conclusions to which no response is required.

8. Defendants deny the allegations contained in Paragraph 8.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis deny the same.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit that Direct General Corporation dba Direct Auto & Life Insurance ("Direct General") was a Tennessee corporation headquartered at 1281 Murfreesboro Road, Nashville, TN 37217-2423, before it was merged into National General. Defendants deny that Direct General had offices in New York before its merger.

13. Defendants deny that Direct General is an operating subsidiary of National General. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13, and on that basis deny the same.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis deny the same.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis deny the same.

## JURISDICTION AND VENUE

16. Paragraph 16 alleges legal conclusions to which no response is required.

17. Paragraph 17 alleges legal conclusions to which no response is required.

18. Paragraph 18 alleges legal conclusions to which no response is required, and on that basis, denies the allegations in Paragraph 18.

## BACKGROUND AND ENFORCEMENT OF THE TCPA

19. Paragraph 19 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants admit that the cited statutory provision says what it says and no further response is required.

20. Paragraph 20 alleges legal conclusions to which no response is required. To the extent that a response is necessary, the cited portions of the publications speak for themselves and no further response is required.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[t]he problems Congress identified when it enacted the TCPA," and on that basis deny the same. As to the remaining allegations contained in Paragraph 21, the cited portions of the publication speak for themselves and no further response is required.

## THE TCPA PROHIBITS AUTOMATED AND PRERECORDED TELEMARKETING CALLS

22.     Paragraph 22 alleges legal conclusions to which no response is required.  To the **extent that a response is necessary,** the cited statutory provision speaks for itself and no further response is required.

23.     Paragraph 23 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, the cited statutory provision speaks for itself and no further response is required.

24.     Paragraph 24 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, the cited statutory provision speaks for itself and no further response is required.

25.     Paragraph 25 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, the cited statutory provision speaks for itself and no further response is required.

26.     Paragraph 26 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, the cited publication speaks for itself and no further response is required.

27.     Paragraph 27 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, the cited publication speaks for itself and no further response is required.

28.     Paragraph 28 alleges legal conclusions to which no response is required.  To the extent that a response is necessary, the cited publication speaks for itself and no further response is required.

29. Paragraph 29 alleges legal conclusions to which no response is required. To the extent that a response is necessary, the cited publication speaks for itself and no further response is required.

30. Paragraph 30 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Paragraph 31 alleges legal conclusions to which no response is required. To the extent that a response is necessary, the cited publication speaks for itself and no further response is required.

## FACTS

32. Defendants admit that advertising to cellular phone *may sometimes* use the called party's equipment.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33, and on that basis deny the same.

**A.     Relationship Between Lower Insurance Rates and Direct Auto Insurance.**

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis deny the same.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis deny the same.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis deny the same.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, and on that basis deny the same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis deny the same.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis deny the same.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis deny the same.

41. Defendants deny the allegations in Paragraph 41 of the complaint.

**B.  Lower Insurance Rates called cellular phones on behalf of Direct Auto Insurance using an autodialer and prerecorded voice.**

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on that basis deny the same.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and on that basis deny the same.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and on that basis deny the same.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis deny the same.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis deny the same.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis deny the same.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis deny the same.

164029.2

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis deny the same. To the extent that a response is necessary, the cited publication speaks for itself and no further response is required.

50. Paragraph 50 alleges legal conclusions to which no response is required.

51. Paragraph 51 alleges legal conclusions to which no response is required. To the extent that a response is necessary, the cited statutory provision speaks for itself and no further response is required.

52. Paragraph 52 alleges legal conclusions to which no response is required. To the extent that a response is necessary, the cited legal opinion speaks for itself and no further response is required.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis deny the same.

54. Paragraph 54 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis deny the same.

55. Paragraph 55 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and on that basis deny the same.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and on that basis deny the same.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and on that basis deny the same.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and on that basis deny the same.

## CLASS ALLEGATIONS

59. Responding to Paragraph 59, Defendants admit only that Plaintiff purports to bring this action on behalf of a putative class of individuals as defined in Paragraph 60, but deny that certification of the purported putative class is appropriate pursuant to Fed. R. Civ. P. 23.

60. Responding to Paragraph 60, Defendants admit only that Plaintiff proposes the class definition set forth in Paragraph 60, but deny that this matter is appropriate for class action treatment.

61. Responding to Paragraph 61, Defendants admit only that Plaintiff proposes certain exclusions from the class definition set forth in Paragraph 60, but deny that this matter is appropriate for class action treatment.

62. Responding to Paragraph 62, Defendants deny that this matter is appropriate for class action treatment.

63. Responding to Paragraph 63, Defendants deny that this matter is appropriate for class action treatment.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis deny the same. Defendants further deny that this matter is appropriate for class action treatment.

65. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis deny the same. Defendants further deny that this matter is appropriate for class action treatment.

66. Responding to Paragraph 66, defendants deny that this matter is appropriate for class action treatment and deny the allegations contained in Paragraph 66 of the Complaint.

    a. Defendants deny the allegations contained in Paragraph 66(a) of the Complaint.

    b. Defendants deny the allegations contained in Paragraph 66(b) of the Complaint.

    c. Defendants deny the allegations contained in Paragraph 66(c) of the Complaint.

    d. Defendants deny the allegations contained in Paragraph 66(d) of the Complaint.

    e. Defendants deny the allegations contained in Paragraph 66(e) of the Complaint.

    f. Defendants deny the allegations contained in Paragraph 66(e) of the Complaint

67. Responding to Paragraph 67, Defendants deny that this matter is appropriate for class action treatment and deny the allegations contained in Paragraph 67 of the Complaint.

68. Responding to Paragraph 68, Defendants deny that this matter is appropriate for class action treatment and deny the allegations contained in Paragraph 68 of the Complaint.

69. Responding to Paragraph 69, Defendants deny that this matter is appropriate for class action treatment and deny the allegations contained in Paragraph 69 of the Complaint.

70. Responding to Paragraph 70, Defendants deny that this matter is appropriate for class action treatment and deny the allegations contained in Paragraph 70 of the Complaint.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

71. Responding to Paragraph 71, Defendants replead and incorporate by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 70 of this Answer as set forth above.

72. Paragraph 72 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Paragraph 73 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Paragraph 74 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Paragraph 75 alleges legal conclusions to which no response is required. To the extent that a response is necessary, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Responding to Paragraph 76, Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

Defendant denies all allegations not specifically and expressly admitted in this Answer.

## AS TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert the following affirmative and other defenses, without admitting any allegation of the Complaint not otherwise admitted and without assuming the burden when such burden would otherwise be on Plaintiff. Defendants reserve the right to assert any other defenses that its ongoing fact investigation or discovery may reveal.

### FIRST AFFIRMATIVE DEFENSE

(Due Care and Reasonable Practices)

Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA. 47 U.S.C. § 227(c)(5).

### SECOND AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff lacks standing to assert the claims in the Complaint because Plaintiff has not been harmed or suffered "injury in fact" by the alleged conduct at issue regardless of whether plaintiff seeks only statutory damages. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

### THIRD AFFIRMATIVE DEFENSE

(Good Faith)

Plaintiff's claim for knowing or willful violations of the TCPA is barred because any alleged actions by Defendants were taken in good faith; alleged violations, if any, were unintentional and resulted despite the existence of procedures reasonably adopted to avoid any violations of the TCPA.

### FOURTH AFFIRMATIVE DEFENSE

(Uncertain, Ambiguous, Unintelligible)

The alleged claims in the Complaint, and each of them, are uncertain, ambiguous, and/or unintelligible.

### FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's claims, and each of them, are barred to the extent they are based on conduct, acts or omissions that are beyond the applicable statute of limitations period under 28 U.S.C.S. § 1658(a).

### SIXTH AFFIRMATIVE DEFENSE

(Unreasonable Delay)

Plaintiff has unreasonably delayed in bringing this action to the prejudice of the Defendants and is therefore barred from bringing this action by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

(Waiver and Estoppel)

Plaintiff's claims are barred, in whole or in part, based upon the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

(Laches)

Any recovery on the Complaint is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

(Privilege)

Plaintiff's claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege and/or the common interest privilege.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

Plaintiffs' claims are barred for failure to join necessary or indispensable parties.

## TWELFTH AFFIRMATIVE DEFENSE

(Superseded By Acts of Others)

No act or omission of the Defendants was a substantial factor in bringing about the damages alleged, nor was any act or omission of the Defendants a contributing cause thereof. Any alleged acts or omissions of the Defendants were superseded by the acts or omissions of others, including Plaintiff or other third parties named or not named as in the Complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Vicarious Liability)

Defendants cannot be held vicariously liable for calls generated by other parties where there were several intermediaries between the other parties and Defendants, and/or Defendants did not control or have the right to control the other parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Fraudulent Conduct)

All or part of the relief sought by Plaintiff may be barred by illegality, prior material

13

164029.2

breach, and/or breach of the duty of good faith and fair dealing arising out of, but not limited to, Plaintiff and/or putative class members' fraudulent conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Fault of Others)

Defendants are informed and believe and upon such information and belief alleges that if Plaintiff and/or the putative class members were injured in the manner alleged, which Defendants deny, then Plaintiff and others were are at fault, and such fault proximately caused the injuries and damages of Plaintiff and/or the putative class members, if any.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Prior Consent)

The Complaint and each cause of action contained therein are barred because Plaintiff and one or more of the purported class members provided prior express consent, through an established business relationship or otherwise, that he or she be contacted on his or her cell phone number.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

Plaintiff knowingly, intentionally, and voluntarily assumed the risk of the conduct, events and matters alleged in the Complaint and the damages, if any, incurred by Plaintiff, are the direct and proximate result of the risk so assumed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Ratification)

Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified all conduct

surrounding the occurrences alleged in the Complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Compliance With Statutes, Rules, Regulations)

Defendants' compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes liability to Plaintiff or putative class members.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Technical Violations)

Violations of the technical requirements of the TCPA are not enforceable by private litigants and Plaintiff lacks standing to sue or recover based thereon.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Not An "Automatic Telephone Dialing System")

The subject telephone system is not an "automatic telephone dialing system" under the TCPA.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint and each cause of action contained therein fail to state facts sufficient to constitute a cause of action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Mitigation of Damages)

Plaintiff and putative class members have failed to mitigate their alleged damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Excessive Damages)

To the extent that the Complaint seeks putative class damages, the aggregated statutory damages, if any, may result in potential ruinous liability for Defendants and may constitute excessive fines in violation of the United States Constitution, Eighth Amendment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(No Charges For Calls)

The Complaint and each cause of action contained therein may be barred as to any alleged calls received by Plaintiff and the purported class members where the calls were not charged to them (e.g., unlimited cell phone plans).  *See, e.g.*, 47 U.S.C. §227(b)(2)(C).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Information and Reservation)

Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available in this action. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate, and also reserve any and all defenses applicable to any class member, in the event any court certifies any class in this or any related or

consolidated action, and further reserve any and all defenses applicable to adequate representation of any such class.

## PRAYER

WHEREFORE, Defendants National General Holdings Corp. and Direct General Corporation d/b/a Direct Auto & Life Insurance pray for judgment against Plaintiff as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants;

2. That the Plaintiff takes nothing by way of his Complaint;

3. That Defendants are awarded their costs of suit incurred in defense of this action, including their reasonable attorney's fees; and

4. For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all issues triable to a jury.

Respectfully submitted,

Dated: August 28, 2019

*/s/ William A. Delgado*
William A. Delgado (NY Bar No. 930351)
DTOL LAW
700 South Flower Street, Suite 1000
Los Angeles, CA 90017
E-mail: wdelgado@dtolaw.com
Tel: (213) 335-7802
Fax: (213) 335-7802

*Attorneys for Defendants National General Holdings Corp. and Direct General Corporation d/b/a Direct Auto & Life Insurance*

164029.2

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing *Defendants' Answer and Affirmative Defenses to Plaintiff's Class Action Complaint* was filed this 28th day of August 2019 via the electronic filing system of the Southern District of New York, which will automatically serve all counsel of record.

*/s/William A. Delgado*

164029.2